JUSTICE WHEAT,
concurring.
¶70 I concur in the Court’s Opinion, although I do so reluctantly, and with two caveats.
¶71 First, I fear that the ‘bo fault” half of the quid pro quo is on a relentless course toward disappearing altogether. In my view, this is a very close case, and, had I been the trial judge, I might very well have reached a different result. In the end, however, the evidence in the record supports the WCC’s findings, and under our standard of review I am compelled to defer to those findings.
¶72 Second, I cannot agree with Sentry’s argument that “reasonable degree of medical certainty” and “more probable than not” are synonymous and interchangeable. In my view, the former is a qualitatively higher burden of proof than the latter. I believe that “reasonable degree of medical certainty”is to “more probable than not” as ‘beyond a reasonable doubt” is to “preponderance of the evidence.” That being said, the Court concludes that in resolving this case, it is not necessary to address the difference between the “more probable than not” and “reasonable degree of medical certainty” standards. *430 Opinion, ¶ 41. On the record here, I agree with the Court. I am confident that the WCC, in future cases, will consistently apply the statutory standard prescribed by §39-71-407, MCA, regardless of the particular terminology used by physicians.
¶73 I concur.
CHIEF JUSTICE McGRATH joins the Concurrence of JUSTICE WHEAT.